Connolly, Thomas E., J.
This ch. 15 IB case involves the dismissal of the plaintiff, Delroy Blagrove, a young black man, by Walgreen Corporation after ten years of employment. Mr. Blagrove was an assistant manager of a Walgreeris store, who consistently received excellent reviews in Walgreen’s periodic evaluations (e.g. “veiy dependable, . . . goes the extra mile to make Walgreens a better place for customers .. . and is very in-tune with . . . the operations of the store; ’’very dependable;" and “an asset for any store manager to have around”). It appears to the Court that Mr. Blagrove was for all purposes an excellent employee for Walgreen for ten years.
The defendant Walgreen states that it discharged Mr. Blagrove for good reason, namely time fraud. Time fraud in this case means that the plaintiff who was reporting to work duty on special assignment at 3:00 a.m., was late for work five days over the course of two weeks. On one or two days he was late a matter of 10 minutes or so. Mr. Blagrove also volunteered to pick up a fellow employee and give him a ride to work since the MBTA was not operating at that hour. There appears to be a dispute over who was responsible for making the entries on his time record. Mr. Blagrove, after 10 years as a dependable, highly regarded employee for Walgreen was accused of time fraud. In this case, the plaintiff was fired for the alleged theft of one hundred and twenty (120) minutes, which allegedly occurred over five occasions and covered two separate time periods, for a total of $38.25. Walgreen did not use “progressive discipline” (e.g. verbal warning, then, a written warning, then a suspension and then termination). No formal hearing was given to Mr. Blagrove. Walgreen simply fired him forthwith.[1]
Here the remaining Counts I, II, III, and V allege that Walgreen, and three other supervisory or management employees discriminated against him because of his handicap, namely that he stutters. Mr. Blagrove was a long-time employee for Walgreen, namely for ten years, he received excellent reviews as an employee over those ten years and had been promoted from a part-time stock clerk to an assistant store manager to an executive assistant manager in the Walgreen store managed by Joseph Homer.
In order to overcome this motion for summary judgment, the plaintiff must satisfy his initial burden of establishing a prima facie case of handicap discrimination under ch. 151 B, §4(16) by presenting credible evidence that he is (1) handicapped; (2) capable of performing the essential functions of the job with reasonable accommodation; (3) subject to an adverse employment action by Walgreen; and that (4) the position that he occupied remained open and the employer sought to fill it. City of New Bedford v. MCAD, 440 Mass. 450, 461-62 (2003).
To determine whether the plaintiff has demonstrated that he is “handicapped” (that is whether a plaintiffs condition, actual or perceived, constitutes a mental or physical impairment) with the definition of G.L.c. 151B, §1(17) there is a three-step analysis set out in City of New Bedford vs. MCAD, 440 Mass. at 463, as follows:
(1) it must be determined whether the plaintiffs condition, actual or perceived, constitutes a mental or physical impairment;
(2) it must be determined whether the life activity curtailed constitutes a mental or physical impairment (see: Bradgon v. Abbot, 524 U.S. 624, 630-31 (1998); and
(3) it must be determined whether the impairment substantially limited the major life impairment to make this determination. It is not sufficient to merely submit evidence of a diagnosis of an impairment. “Rather those seeking ch. 15IB protection must offer evidence that the extent of the limitation [caused by their impairment] in terms of their own experience ... is substantial.” City of New Bedford v. MCAD, 440 Mass. at 463.
Here, the plaintiff, Mr. Blagrove, worked for ten years for Walgreen and appeared not to be restricted by any impairment. He did his job and received praise for doing it. There was no life activity curtailed for Mr. Blagrove in working for Walgreen. There simply is no evidence of any life impairment which substantially limited Mr. Blagrove.
On this record, there is absolutely no evidence that Mr. Blagrove was handicapped, that is that he had “an actual physical or mental impairment which substantially limited one or more major life activities.” Mr. Blagrove worked for ten years for Walgreen, was a highly regarded and valued employee and had no problems communicating with customers or co-employees by stuttering prior to his termination. Mr. Blagrove performed his job well and received high praise. It is alleged that Mr. Blagrove’s stuttering worsened after his discharge. That, however, would be immaterial to the analysis. The question is whether Mr. Blagrove was a handicapped person while working for Walgreen, not after he was terminated. On this *310 record, Court has to say that there is no evidence of any handicap, that is that there is no evidence that while employed at Walgreen he had an actual physical or mental impairment which substantially limits one or more major life activities.
Counts II, III and IV constitute the same claim of discrimination due to a handicap against three supervisors or managers that has been made against Walgreen (namely, Ryan Markl, Charles Moore and Vera Saffrain). The claims against these employees must be dismissed for the same reason that the claim against Walgreen is being dismissed.

ORDER

After hearing and a review of all submissions, the Motion for Summaiy Judgment by the Defendants is ALLOWED. Final Judgment may be entered as to all defendants and on all Counts.

 While this Court believes that Walgreen’s conduct in this case may well be considered outrageous and unconscionable to a reasonable person, that conduct may not be considered by the Court unless proof of discrimination under ch. 151 B, §4 has been shown. There is obvious evidence of disparate treatment between the plaintiff and the other two employees who were junior to Mr. Blagrove, who likewise had the same entries on their time cards. They were never investigated or received any punishment. However, to recover for disparate treatment, a plaintiff must prove that his termination was a pretext, here, for the handicap discrimination by showing that similarly related employees were treated differently. The case “recognizes that an arbitrary or unwise employment decision that is not based on discriminatory factors warrants no relief under ch. 151B. City of Boston v. MCAD, 47 Mass.App.Ct. 816, 821-22 (1999).”